# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Jose and Kelly Salgado | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| **PHH Mortgage**<br>1 Mortgage Way<br>Mt. Laurel, NJ 08054 | ) | |
| Defendant | ) | |

Now come Plaintiffs, by and through their attorneys, and, for their Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING

3. A request for nominal damages is enough to satisfy Standing under Article III of the United States Constitution. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 209 L.Ed.2d 94 (2021).

4. Plaintiffs allege an economic harm done to them by the Defendant.

## APPLICABLE LAW

5. It is a violation of the 15 U.S.C. Section 1692e(2) to use false, deceptive, or misleading representation or means in connection with the collection of any debt.

6. Even authorized fees must be clearly and fairly communicated to a debtor by a Debt Collector. *Fields v. Wilber Law Firm, P.C.* 383 F.3d 562 (7th Cir. 2004)

## PARTIES

7. Plaintiffs, Jose and Kelly Salgado (hereinafter "Plaintiffs") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
8. Plaintiffs are residents of the State of Illinois.
9. Defendant, PHH Mortgage ("Defendant"), is a New Jersey business entity with a corporate head office at, 1 Mortgage Way, Mt. Laurel, NJ 08054, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
10. Unless otherwise stated herein, the term "Defendant" shall refer to PHH Mortgage.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

11. The Plaintiffs allegedly incurred a financial obligation to original creditor.
12. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)
13. Specifically, this original creditor was a Mortgage Lender/
14. While Plaintiffs were in arrears on their mortgage, the debt was transferred to Defendant.
15. On November 16, 2016, Plaintiffs filed Chapter 13 Bankruptcy in the Northern District of Illinois.
16. On June 1, 2019
17. Plaintiffs were Discharged on November 1, 2021.
18. Prior to Discharge, on October 6, 2021, Counsel for Defendant submitted a "Response to Notice of Final Cure Payment," which stated that Debtors were "contractually obligated for the post-petition payment(s)" for the amount of $3,003.26."  See Exhibit A
19. However, On January 5, 2022, Plaintiffs received a letter from the Defendant stating that they owed $3073.72 for the Bankruptcy period.
20. Defendant made clear in this letter, calculating this amount that it comes

from the time period when Plaintiffs were in the Chapter 13 Plan.

21. However, this is not legally valid; as described in paragraph 16, Defendant represented to the United States Bankruptcy Court that a less amount was owed by Plaintiffs, $3003.26. See Exhibit A.

22. Moreover, Defendant provides no explanation of how this is calculated other than a cryptic spreadsheet. See Exhibit B.

## **VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant's conduct violated 15 U.S.C. Section 1692e by putting in fees that it was not authorized to do so.

25. The Defendant violated 15 U.S.C. Section 1692f by putting unauthorized fees into the debt.

26. The Defendant violated 15 U.S.C. Section 1692e by failing to explain the difference between what was legally owed and the extra fee put in.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## **STANDING AND INJURY**

28. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

29. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger,

anxiety, and frustration.

## JURY DEMAND

32. Plaintiffs demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiffs demand the following relief:

   a. Judgment against Defendant, awarding the Plaintiff actual damages.
   b. Judgment against each of the Defendant, awarding the Plaintiff Statutory damages
   c. Judgment against Defendant, awarding the Plaintiffs recovery of the costs of litigation and reasonable attorney's fees;
   d. Judgment against Defendant, awarding the Plaintiffs punitive damages in such amount as is found appropriate; and
   e. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff